UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 13-76 |
| THOMAS HILLIARD ET AL. | SECTION I |

### ORDER

Before the Court is a motion[1] filed by defendant, James Brown, to sever his trial from that of his co-defendants, to which the government has filed an opposition.[2] For the following reasons, the motion is **DENIED**.

### BACKGROUND

On October 4, 2013, James Brown ("Brown"), along with four others, was charged in an eight-count superseding indictment.[3] Brown is charged in counts one and four. Count one charges that each of the defendants conspired to possess with the intent to distribute 280 grams or more of cocaine base.[4] Count four alleges that Brown and co-defendant Christian Johnson used a communication facility to commit, cause, and facilitate the distribution of a quantity of cocaine base.[5]

Several of the counts in which Brown is not charged allege crimes involving firearms. Specifically, count two charges that each of the defendants except Brown conspired to possess

---

[1] R. Doc. No. 81.
[2] R. Doc. No. 83.
[3] R. Doc. No. 67.
[4] R. Doc. No. 67, at 1-2.
[5] R. Doc. No. 67, at 3.

firearms in furtherance of the drug trafficking crime charged in count one; count seven charges that each of the defendants possessed firearms in furtherance of the drug trafficking crimes charged in counts one, three, four, five, and six; and count eight charges that co-defendant Christian Johnson possessed a firearm after having been convicted of a felony.[6]

All five defendants are currently scheduled to proceed to trial on all counts. Brown has moved for a severance on the basis that evidence related to firearms will unfairly prejudice the jury against him.[7]

## STANDARD OF LAW

Although Brown does not contend that joinder is improper pursuant to Rule 8 of the Federal Rules of Criminal Procedure, Brown asserts that a severance is required pursuant to Rule 14(a).

Rule 14(a) of the Federal Rules of Criminal Procedure authorizes this Court to grant a severance or to provide any other relief that justice requires when the joinder of defendants "appears to prejudice a defendant or the government." The U.S. Court of Appeals for the Fifth Circuit has explained that "the district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable determination of guilt or innocence." *United States v. Bermea*, 30 F.3d 1539, 1572 (5th Cir. 1997) (citing *Zafiro v. United States*, 506 U.S. 534 (1993)). "The federal judicial system evinces a preference for joint trials of defendants who are indicted together because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of

---

[6] R. Doc. No. 67, at 2-4.
[7] Brown's motion notes in passing that two of his co-defendants provided statements that may pose a *Bruton* problem if the co-defendants do not testify. R. Doc. No. 81-1, at 6. The government asserted in its opposition that, if the statements are used at all, they can be sanitized to prevent such a problem. R. Doc. No. 83, at 9. This issue is now moot, as the parties agreed at the pretrial conference that any such statements can be sanitized to avoid *Bruton* issues. R. Doc. No. 84.

inconsistent verdicts.'" *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012) (quoting *Zafiro*, 506 U.S. at 537). "It is the rule, therefore, not the exception, that 'persons indicted together should be tried together, especially in conspiracy cases.'" *Id.* (quoting *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)).

"In deciding a motion for severance, the district court must balance the potential prejudice to the defendant against the public interest in joint trials where the case against each defendant arises from the same general transactions." *United States v. Berkowitz*, 662 F.2d 1127, 1132 (5th Cir. 1981). "When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539 (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *Zafiro*, 506 U.S. at 541.

## DISCUSSION

Brown contends that "jurors will not be able to fairly and impartially assess the evidence against Brown after hearing the evidence of the firearms possession–especially in light of the fact that the firearms at issue are an Army-issued revolver and an assault rifle."[8] The government correctly notes that while Brown was not charged in the firearms possession conspiracy, the object of this conspiracy was the drug trafficking conspiracy set forth in count 1, in which Brown was charged.[9]

Although the jury will undoubtedly be exposed to evidence of alleged criminal activity committed by his co-defendants in furtherance of the firearms conspiracy, as well as the fact that a

---

[8] R. Doc. No. 81-1, at 6.
[9] R. Doc. No. 83, at 4.

co-defendant is alleged to be a convicted felon in possession of a firearm, the Fifth Circuit has recognized that "[w]hile the district court must guard against undue prejudice, it need not protect conspirators from evidence of their confederates' acts in furtherance of their common illegal aim." *United States v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998) (quoting *United States v. Manges*, 110 F.3d 1162, 1174-75 (5th Cir. 1997)). In fact, the Fifth Circuit has "rejected the argument that evidence of crimes committed by co-conspirators, including gruesome murders, suffices to establish prejudice." *United States v. Thompson*, No. 99-41007, 2001 WL 498430, at *4 (5th Cir. Apr. 9, 2001) (citing *Posada-Rios*, 158 F.3d at 863).

The Court also notes that a severance is not required simply because the trial will encompass evidence relating to the charges against some defendants but not others. As the Fifth Circuit has recognized, "the mere presence of a spillover effect does not ordinarily warrant severance." *See Pofahl*, 990 F.2d at 1483; *see also Bermea*, 30 F.3d at 1573 (rejecting the argument that a defendant was prejudiced by admission of extrinsic offense evidence regarding other defendants). Brown has not cited any caselaw to suggest that the risk of a spillover effect is particularly high in this case. Moreover, this Court has ample means of preventing any prejudice that may result from the possibility of spillover. *See also Posada-Rios*, 158 F.3d at 863-65 (identifying potential steps that a district court may take to lessen the prejudice to individual defendants from a joint trial).

Given the fact that this Court will appropriately instruct the jury to consider each defendant's case separately, the Court is satisfied at this time that any residual risk of prejudice would be outweighed by the interest of judicial economy. *See id.* Any further challenges to the joint trial in this case will be addressed at trial. *See Berkowitz*, 662 F.2d at 1132 ("The district court has a continuing duty to monitor the entire trial for prejudice and to order severance if such prejudice does arise.").

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to sever the trial of Brown from that of his co-defendants is **DENIED**.

New Orleans, Louisiana, January 30, 2014.

      **LANCE M. AFRICK**
      **UNITED STATES DISTRICT JUDGE**